[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15121

_____

D. C. Docket No. 03-00637-CV-HS-E

RONALD JACKSON RIGBY, an individual,

Plaintiff-Appellant,

versus

SPRINGS INDUSTRIES, INC.,
a corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 16, 2005)

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Ronald Jackson Rigby appeals the district court's grant of summary judgment to Springs Industries on his American Disabilities Act claim. He contends that he was entitled to a jury trial on both his 42 U.S.C. § 12102(2)(A) actual disability theory and his § 12102(2)(C) regarded as disabled theory.

The sole issue Rigby raises in regard to the grant of summary judgment against him on the actual disability theory is that as an insulin-dependent diabetic he is disabled within the meaning of § 12102(2)(A), because he is ineligible for a commercial driver's license. He makes that argument in spite of the fact that the job in question, working at Spring Industries' manufacturing plant, involves no driving of any type. In any event, Rigby's position that his inability to obtain a commercial driver's license renders him disabled for ADA purposes is foreclosed by our recent decision in Collado v. UPS, 419 F.3d 1143, 1157 (11th Cir. 2005) (an insulin-dependent diabetic's ineligibility for a permit to drive big trucks, and inability to be a full-time driver is not a disability for ADA purposes); see also Chenoweth v. Hillsborough County, 250 F.3d 1328, 1329 (11th Cir. 2001) (driving itself is not a major life activity). The district court did not err in granting summary judgment against Rigby on his actual disability theory insofar as it was based on his inability to hold a commercial driver's license, and that is the only theory of actual disability he has argued on appeal.

The district court did err, however, in granting summary judgment against Rigby on his § 12102(2)(C) regarded as disabled theory, at least on the ground that it used. It is undisputed that Springs Industries regards Rigby as unable to perform any manufacturing job because of the potential side effects of his use of Lortab to treat the pain that results from his diabetes or its complications. Dr. Hughes stated that there was no manufacturing job in the Piedmont area that Rigby could safely perform while taking Lortab, and that has been Springs Industries' position throughout this litigation.

The sole premise of the district court's grant of summary judgment on the regarded as theory was the premise that manufacturing is not a class or broad range of jobs, which it must be for Rigby to be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills, and abilities." Mullins v. Crowell, 228 F.3d 1305, 1314 (11th Cir. 2000) (quoting 29 C.F.R. § 1630.2(j)(3)(i)) (internal marks omitted). As a decision of this Court, which was issued after the district court's ruling in this case, establishes, manufacturing is a class of jobs or a broad range of jobs for disability purposes. D'Angelo v. Conagra Foods, Inc., ____ F.3d ____, No. 04-10629 (11th Cir. Aug. 30, 2005) (genuine issue of fact whether the plaintiff's vertigo actually prevented her from performing

3

various manufacturing jobs, or whether she was regarded as unable to perform them, which was material for ADA purposes).

In reversing the district court's grant of summary judgment on this ground, we express no view on whether summary judgment could have been granted on another ground, such as the "otherwise qualified" basis, see 42 U.S.C. § 12112(b)(5)(A), or on any "direct threat" issue it entails, see 42 U.S.C. § 12113(a)–(b), that Springs Industries has argued on appeal. We leave that and all other questions not expressly addressed in this opinion, whether they relate to the actual disability theory or the regarded as theory, to the resolution of the district court in the first instance.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

BLACK, Circuit Judge, concurring:

I concur in the result.